**Belén Fidalgo Colón**, recurrida, *v.* **Administración del Derecho al Trabajo**, peticionaria.

*Número:* O-79-521     *Resuelto:* 19 de enero de 1982

*José Ramón Pérez Hernández*, abogado de la peticionaria; *Rafael Adolfo de Castro*, abogado de la recurrida.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

Este caso plantea un aspecto de la transición entre la Ley de Personal de 1947, Ley Núm. 345 de 12 de mayo, y la nueva Ley de Personal, la Núm. 5 de 14 de octubre de 1975: si un empleado regular de una agencia totalmente comprendida dentro del Servicio Exento bajo la Ley de 1947 que fue ascendido como empleado regular a un puesto en el cual prestaba servicios directamente al jefe de la

agencia, tiene derecho, al entrar en vigor la nueva Ley de 1975 y convertirse el puesto que tenía en uno de confianza, a ser reubicado en un puesto de carrera reteniendo el sueldo del puesto anterior.

El 13 de junio de 1973 la recurrida Belén Fidalgo Colón comenzó a trabajar en la Administración del Derecho al Trabajo (A.D.T.) como Técnico de Planificación V. Conforme la ley especial que creó la A.D.T., Ley Núm. 115 de 21 de junio de 1968, todo el personal de dicha agencia pertenecía al Servicio Exento comprendido bajo la Ley de Personal de 1947, pero estaba protegido por los principios del sistema de mérito. (1)

Estando devengando un sueldo de $940 mensuales como empleada regular, el 16 de septiembre de 1975 la recurrida fue seleccionada para ocupar, mediante ascenso sin oposición, el puesto de Ayudante Especial I con un sueldo de $1,250. Como incumbente de este puesto debía asesorar y prestar servicios directamente a la Administradora de A.D.T. Varias semanas después, en 14 de octubre, se aprobó la nueva Ley de Personal de 1975, la que entró en vigor en 14 de octubre de 1976, Sec. 10.7. El Art. 9 de dicha ley convirtió el puesto de Ayudante Especial I que ocupaba la recurrida en uno de confianza bajo el nuevo sistema de clasificación de personal. (2) Surge de las determi-

---

(1) 29 L.P.R.A. sec. 1108:

"La Administración tendrá . . . todos los derechos y poderes . . . necesarios . . . incluyendo, aunque sin limitación, los siguientes:

". . . . . . . .

"(d) Nombrar y emplear personal, y contratar trabajadores, oficiales, agentes, empleados . . . o técnicos y compensar esos servicios y fijar y pagar cualesquiera otros emolumentos. A excepción de lo dispuesto en la sec. 1152 de este título [sobre empleados transferidos de otras agencias], *todo el personal de la Administración estará clasificado en el Servicio Exento bajo la Ley de Personal. La Administración adoptará un reglamento interno de personal el cual deberá estar basado en los principios básicos del sistema de mérito.*" (Énfasis suplido.)

(2) El Art. 9 de la Ley de 1975 (3 L.P.R.A. sec. 1421) dice:

". . . . . . . .

"(6) Los empleados que a la vigencia de esta ley estuvieren ocupando puestos en agencias, o subdivisiones de éstas que en su totalidad están comprendidas en el

naciones de hecho del Oficial Examinador designado por la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) que, transcurrido el año de período probatorio, se cambió el nombramiento de la recurrida como Ayudante Especial I de "exento-probatorio" a "exento-regular". A pesar de que el año se cumplió en 15 de septiembre de 1976, la fecha de cambio que aparece en el Informe de dicho Oficial Examinador es la de 15 de diciembre de 1976. El 29 de diciembre de 1976 a solicitud de la propia recurrida se le reubicó como Especialista en Planificación, un puesto de carrera con un sueldo de $1,281. El 31 de octubre de 1977 la nueva Administradora de A.D.T. anuló esta reubicación al puesto de Especialista en Planificación, por haberse hecho en violación de la prohibición contra transacciones de personal en los períodos pre y post-eleccionarios dispuesta por la Sec. 4.7 de la Ley de Personal de 1975.(³) En consecuencia se ordenó la

---

Servicio Exento a virtud de las disposiciones de la Ley núm. 345 de 12 de mayo de 1947, según enmendada, o de leyes especiales, las cuales pasen a ser Administradores Individuales a virtud de las disposiciones de la sec. 1343 de este título [Sec. 5.3 de la Ley], serán empleados de carrera o de confianza conforme a los criterios establecidos en las secs. 1350, 1351 y 1352 de este título [Secs. 5.10, 5.11 y 5.12 de la Ley]."

La referida Sec. 5.3 de la ley convierte a la A.D.T. en administrador individual por ser una agencia que por ley especial estaba hasta entonces totalmente comprendida en el Servicio Exento.

Según la Sec. 5.10 son empleados de confianza aquellos "que intervienen o colaboran sustancialmente en la formulación de la política pública, que asesoran directamente o que prestan servicios directos al jefe de la agencia...".

Véase, además, la Sec. 5.2 del Reglamento de Personal en las áreas esenciales al principio de mérito de la Administración del Derecho al Trabajo.

(³) 3 L.P.R.A. sec. 1337:

"A los fines de asegurar la fiel aplicación [del principio] de mérito en el servicio público durante períodos pre y post eleccionarios, las autoridades deberán abstenerse de efectuar cualquier transacción de personal que envuelva las áreas esenciales al principio de mérito, tales como nombramientos, ascensos, descensos, traslados y cambios de categoría de empleados.

"Esta prohibición comprenderá el período de dos meses antes y dos meses después de la celebración de las Elecciones Generales en Puerto Rico. En el caso de los municipios se entenderá que la prohibición se extiende hasta el segundo lunes del mes de enero siguiente a dichas Elecciones Generales.

"Se podrá hacer excepción de esta prohibición por necesidades urgentes del

reinstalación de la recurrida a un puesto de carrera como Técnico de Planificación con un sueldo de $998, puesto como el que ocupaba la recurrida antes de ser ascendida a Ayudante Especial I.

La empleada recurrida instó apelación ante la Junta de Apelaciones la que determinó que la recurrida tenía derecho a recibir un sueldo igual al que recibía como Ayudante Especial I por haber estado ocupando dicho puesto como empleada regular bajo la Ley de 1947. Determinó, además, que tenía derecho a recibir el diferencial correspondiente entre el sueldo de Ayudante Especial I y el de Técnico de Planificación. A.D.T. acudió en revisión ante el Tribunal Superior el cual confirmó la decisión de la Junta de Apelaciones. A.D.T. recurre ante nos.

La contención principal de la agencia peticionaria es que bajo las disposiciones de la Ley de 1947 y de la ley que creó a A.D.T., 29 L.P.R.A. sec. 1108, *ante*, el puesto de Ayudante Especial I que ocupaba la recurrida antes de la reubicación anulada no podía ser clasificado como regular porque siendo de aplicación los principios del sistema de mérito y tratándose de un puesto en que se prestaban servicios directamente al jefe de la agencia, la autoridad nominadora debía tener entera libertad para nombrar y remover al incumbente, y que, por lo tanto, la recurrida no tiene derecho a retener el sueldo que ganaba en dicho puesto de Ayudante Especial I. Por fundamentos distintos a los invocados por la agencia peticionaria estimamos que la recurrida no debe prevalecer.

Según se ha explicado precedentemente, antes de entrar en vigor la nueva Ley de Personal, la recurrida ocupaba un puesto en el Servicio Exento estando sus derechos regidos por el reglamento de A.D.T. entonces vigente, Regla-

---

servicio, previa la aprobación del Director, conforme a las normas que se establezcan mediante reglamento."

No está en controversia que la reubicación violó esta prohibición y que procedía la anulación.

mento de Personal Exento de la Administración del Derecho al Trabajo. Dicho reglamento definía el concepto de nombramiento regular en los siguientes términos:

3) *Clases de Nombramiento*

A) *Nombramiento Regular*

Se extenderá a empleados probatorios debidamente calificados que hayan aprobado el período probatorio. Este nombramiento sigue en vigor mientras el empleado rinda una labor satisfactoria y mientras sean necesarios sus servicios. Art. V, Sec. 5, pág. 13.[4]

Debemos distinguir entre el concepto de empleado con nombramiento *regular* adoptado en el reglamento de A.D.T. bajo la anterior ley, y el de empleado de *carrera* creado por la nueva Ley de Personal de 1975. Tales empleados *regulares* de la agencia peticionaria no se convirtieron automáticamente en empleados de *carrera* bajo la nueva ley. Los empleados regulares de la A.D.T. pasaron a ser empleados de carrera unos y de confianza otros al aprobarse la nueva ley.[5]

En consecuencia, la clasificación de la recurrida como empleada regular en el puesto de Ayudante Especial I no le daba derechos de permanencia equivalentes a los que la Ley de Personal de 1975 concedió a los empleados de carrera, y dicho nombramiento no violentó los principios del sistema de mérito.

En vista de que el nombramiento como empleada regular en el puesto de Ayudante Especial I no le daba a la recurrida derecho a continuar en el puesto como si fuera una empleada de carrera al entrar en vigor la nueva Ley de Personal de 1975, debemos examinar qué expectativas legales tenía la recurrida sobre su empleo, puesto y sueldo.

Cuando la recurrida comenzó a trabajar en la Administración del Derecho al Trabajo como Técnico de Planifi-

---

[4] Las otras clases de nombramiento que definía el reglamento son: el temporero, de emergencia, por contrato, y por "servicio de trabajadores".

[5] Art. 9 de la Ley de Personal, *ante*, escolio 2.

cación V en 1973, adquirió una expectativa de permanencia como empleada de A.D.T. al amparo del Reglamento de Personal de la agencia[6] y el sistema de mérito que en él se expone. Aunque el puesto de Ayudante Especial I al que fue luego ascendida conllevaba responder y asesorar directamente al jefe de la agencia por lo que de acuerdo al sistema de mérito la autoridad nominadora tenía entera libertad para seleccionar y remover a los incumbentes de dicho puesto, la recurrida no perdió sus expectativas de permanencia cuando aceptó el ascenso. Ni en la Ley de Personal de 1947 entonces vigente, ni en el Reglamento de A.D.T. se establecía o se advertía que la aceptación del cargo de Ayudante Especial I conllevaba renunciar a los derechos de permanencia que la recurrida había adquirido en su puesto de Técnico de Planificación V.

Al convertirse el puesto de Ayudante Especial I en uno de confianza bajo la nueva Ley de Personal, la recurrida mantuvo sus derechos de permanencia. El Art. 9 de dicha ley, 3 L.P.R.A. sec. 1421, dispone:

> (9) Los empleados que a la vigencia de esta ley estén prestando servicios en el Gobierno Estatal en puestos comprendidos en el Servicio por Oposición, el Servicio sin Oposición o el Servicio Exento, conforme a las disposiciones de la Ley núm. 345 de 12 de mayo de 1947, según enmendada, o de leyes especiales, o en los Gobiernos Municipales, *conservarán todos los derechos adquiridos, conforme a las leyes, normas y reglamentos* que les sean aplicables siempre que los mismos no sean incompatibles con las disposiciones de este Capítulo, y estarán sujetos a los mismos deberes y obligaciones. (Énfasis suplido.)

Por otro lado el Reglamento de Personal: Áreas Esenciales del Principio de Mérito, señala en su Sec. 5.5[7] que "[s]i a un empleado de carrera con status regular se le

---

[6] Véanse específicamente la definición de empleado *regular* citada precedentemente y las disposiciones sobre cesantía y destitución en el Art. VI de dicho Reglamento.

[7] Manual de Reglamento de Personal, pág. 22.

nombra en un puesto de confianza, del cual sea removido posteriormente, tendrá derecho a ser reinstalado en un puesto igual o similar al que ocupaba en el servicio de carrera al momento en que pasó a ocupar el de confianza, preferiblemente en la misma agencia. . .". Aunque la citada disposición no le es de aplicación por ser su vigencia posterior al momento en que la recurrida pasó a ocupar el puesto de Ayudante Especial I, por lo menos es indicativa de que la aplicación del sistema de mérito no implica que al aceptar el puesto de Ayudante Especial I, la recurrida perdiera sus expectativas de permanencia como empleada de A.D.T., sino que por el contrario dicho sistema de mérito es compatible con el derecho de la recurrida a retornar a un puesto igual o similar al de Técnico de Planificación V al removérsele del puesto de Ayudante Especial I.

Sin embargo, al pasar a ocupar dicho puesto de Ayudante Especial I y adquirir posteriormente *status* regular, no adquirió expectativa legal alguna sobre ese puesto particular. Como ya hemos señalado, aun antes de ser clasificado como un puesto de confianza por la nueva Ley de Personal de 1975, como el puesto conllevaba asesorar y prestar servicios directamente al jefe de la agencia, estaba sujeta a libre remoción conforme a los principios del sistema de mérito.[8] Por lo tanto, el Art. 9(9) de la Ley de Personal de 1975, *ante,* que solo garantiza a todos los empleados públicos los derechos *adquiridos bajo el anterior estado de derecho*, no opera para garantizarle a la recurrida el derecho a permanecer en dicho puesto y a mantener el sueldo que a él corresponde.

Cuando el puesto de Ayudante Especial I que ocupaba la recurrida se convirtió en uno de confianza, ésta tenía derecho a ser reubicada en un puesto de carrera similar al que ocupaba originalmente, pero dicha reubicación no podía hacerse en el período de moratoria. Así lo reconoció

---

[8] Véase *Pierson Muller II* v. *Feijoó,* 108 D.P.R. 261 (1978).

la Administradora de la agencia peticionaria cuando al anular la reubicación ilegal ordenó su reinstalación en un puesto de Técnico de Planificación. Pero no tenía derecho la recurrida a permanecer en el puesto de Ayudante Especial I, ni a retornar a dicho puesto una vez se anuló la reubicación ilegal. En consecuencia, resolvemos que la recurrida no tenía expectativa legal sobre el sueldo correspondiente al puesto de Ayudante Especial I, y al proceder la reinstalación a un puesto similar al que ocupaba originalmente, una vez anulada la reubicación ilegal, no tiene derecho a seguir devengando el sueldo de Ayudante Especial I.

En vista de los fundamentos expuestos, *se revocará la sentencia recurrida, que confirmó la decisión de la Junta de Apelaciones que determinó el derecho de la empleada recurrida a recibir un sueldo igual al que recibía como Ayudante Especial I, y en su lugar se reconoce su derecho a recibir el sueldo de $998 que corresponde actualmente al puesto de Técnico de Planificación que ocupaba como empleada regular antes de ser designada Ayudante Especial I.*

El Juez Presidente Señor Trías Monge no intervino.